In re CAMPTOWN, LTD., Debtor.

Bankruptcy No. 87–7031–8P1.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

April 18, 1989.

Jeffrey W. Warren, Tampa, Fla., for debtor.

Milton W. Gordon, Grants Pass, Or., for Milton and Doreen Gordon, Lessees of the Debtor.

Larry Foyle, Tampa, Fla., for Camptown Lessees Assn.

## ORDER ON MOTION FOR CLARIFICATION OF ORDER APPROVING REJECTION OF UNEXPIRED LEASES OF REAL PROPERTY

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing upon a Motion for Clarification of Order Approving Rejection of Unexpired Leases of Real Property. The Motion was filed by Camptown, Ltd., the Debtor in the above-captioned case, who seeks the clarification of an Order entered by this Court on January 26, 1989, 96 B.R. 352, which granted in part and denied in part the Debtor's Motion to Reject Unexpired Leases of Real Property. The Order denied the Debtor's attempt at preventing the tenants from the use of the lots they occupy at the Debtor's recreational vehicle park, but granted the Motion to the extent the Debtor sought authority to reject its obligation to furnish maintenance to the tenants. On February 10, 1989, the Debtor filed the Motion under consideration seeking an Order from this Court clarifying its previous order to provide that the tenants whose leases for maintenance were being rejected would have no rights to share or enjoy the common facilities and amenities of the recreational park and to restrict the dissenting tenants' rights to lawful use and possession of their lots, ingress and egress to their lots and the right to transfer their interests in the lots.

In opposition to the Debtor's Motion for Clarification, dissenting tenants Milton and Doreen Gordon contend that the lease agreement entered into between the Debtor

and themselves provided that the tenant would pay the $5.00 maintenance fee in exchange for the Debtor to perform "maintenance ... including mowing, removal of rubbish and undesirable undergrowth from said parcel." (Lessee's Exh. No. 1) Based on this, the Gordons urge that the $5.00 maintenance fee payment has nothing to do with their rights to the common area and amenities of the recreational park and, therefore, the Debtor should not be allowed to restrict their rights to these amenities even if the portion of the lease containing the covenant for maintenance is rejected by the Debtor.

It is readily apparent that the threshold issue to be addressed is the timeliness of the Debtor's Motion for Clarification of Order. If the issue is resolved against the Debtor, the merits of the Debtor's Motion are rendered moot.

The Order which the Debtor seeks to clarify was entered on January 26, 1989. On February 10, 1989, fourteen days after the Order had been entered, the Debtor filed its Motion for Clarification of that Order.

■ Under Rule 59(e) of Federal Rules of Civil Procedure as adopted by Bankruptcy Rule 9023, a party may move to alter or amend a judgment entered by a court by filing a Motion to Alter or Amend such judgment not later than ten days after the entry of the judgment. Bankruptcy Rule 9002(5) defines judgment to include any order appealable to an appellate court. Hence, Motions to Alter or Amend Orders are subject to the time restrictions set forth in Bankruptcy Rule 9023. Bankruptcy Rule 9006(a) provides that when the period of time prescribed is less than eleven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. Given these rules, the last day for filing a Motion for Reconsideration or Motion to Amend this Court's order entered January 26, 1986, was February 9, 1989.

■ The Debtor contends, however, that its Motion for Clarification is not subject to the time constraints mandated by Bankruptcy Rule 9023 because the Debtor is not seeking to "amend" or "alter" this Court's previous Order, but is simply seeking a "clarification" of that Order.

This Court is not persuaded by the Debtor's use of semantics, and is convinced that the relief the Debtor is seeking, no matter what language it is couched in, is to amend the Court's previous Order and, therefore, subject to the time restrictions of Bankruptcy Rule 9023. Based on this, the Debtor's Motion should be denied as being barred by the passage of time.

Be that as it may, the Court is satisfied that it should amend its previous Order to avoid any further litigation which might commence as a result of the silence in its previous Order as to the effect of the rejection of the maintenance covenant. The Court's previous Order authorizes the rejection of the portion of the lease containing the covenant concerning maintenance. Paragraph 4 of the document entitled, "Lease of Camper Trailer Site at East Lake Toho, Osceola County, Florida", which document is part of the record in this case, provides that

"... the Lessee shall pay to the Lessor the sum of Five Dollars ($5.00) per month for maintenance.... In consideration of such sum, the Lessee agrees to perform maintenance consistent with the operation of Camptown Industries of East Lake Toho, including *mowing, removal of rubbish, and undesirable undergrowth from said parcel.*" [emphasis added]

■ In its Motion for Clarification, the Debtor sought an Order from this Court determining that as a result of the rejection of the covenant to pay maintenance, the tenants shall not be entitled to use the common areas of the park nor its amenities. This Court is satisfied, however, that the tenants' right to the use of the park's common area and amenities was part and parcel of the consideration the tenants bargained for when they entered into their "lease agreement", i.e., purchase agreement with the Debtor. Inasmuch as the Court denied the Debtor's authority to reject this portion of the lease agreement,

this Court is satisfied that the tenants' rights with respect to the common areas and amenities shall remain undisturbed. To this extent, this Court's previous Order dated January 26, 1989, shall be amended.

DONE AND ORDERED.